UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORGREN AUTOMATION SOLUTIONS, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) | Case No.: |
| Plaintiff, | ) ) | United States District Judge |
| v. | ) ) | |
| NUMATICS, INCORPORATED, a Michigan Corporation, | ) ) ) | Magistrate Judge |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, NORGREN AUTOMATION SOLUTIONS, LLC, by and through its attorneys, YOUNG BASILE HANLON & MACFARLANE P.C., for its complaint against NUMATICS, INC., states as follows:

NATURE OF THE ACTION

1. This is an action for patent infringement under the United States Code, Title 35, as amended.

THE PARTIES

2. Plaintiff, NORGREN AUTOMATION SOLUTIONS, LLC ("Norgren") is a Delaware limited liability company having a place of business at 1325 Woodland Drive, Saline, Michigan 48176.

3. On information and belief, Defendant NUMATICS, INCOPORATED ("Defendant"), is a Michigan corporation having a place of business at 46280 Dylan Drive, Novi, Michigan 48377.

## JURISDICTION AND VENUE

4. This claim arises under the United States Patent Laws, 35 U.S.C. §§ 1, *et seq*. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant pursuant to MCL 600.711 and MCL 600.715.

6. Defendant has transacted business in Michigan and this judicial district, has carried on a continuous and systematic part of its general business within Michigan, has had substantial, continuous, and systematic contacts with Michigan and this judicial district, and has committed and/or will commit acts within Michigan and this judicial district.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,575,462

8. Plaintiff Norgren realleges and incorporates by reference the allegations of paragraphs 1-7 above, as if fully set forth herein.

9. On November 19, 1996, U.S. Patent No. 5,575,462 ("the '462 Patent"), entitled "ROTARY CLAMP FOR A LINEAR ACTUATOR", was duly and lawfully issued by the United States Patent and Trademark Office to John Blatt. The '462 Patent expired on August 17, 2014. A true and correct copy of the '462 Patent is attached as Exhibit A.

10. Plaintiff Norgren is the owner of the '462 Patent by way of assignment.

11. The '462 Patent conferred upon Plaintiff Norgren the exclusive right to make, use, sell and offer for sale the invention therein described.

12. During the term of the '462 Patent, Plaintiff Norgren continuously marked substantially all clamps manufactured according to the patent with the reference "Patent" or "Pat." and the patent number "5,575,462". Accordingly, Defendant has had constructive notice of the '462 Patent since at least as early as November 19, 1996.

13. On information and belief, Defendant had actual knowledge of the '462 Patent during the term of the '462 Patent.

14. On information and belief, Defendant made, used, offered for sale, and sold, without permission from Plaintiff Norgren and with actual knowledge of the '462 Patent during the term of the '462 Patent, clamps that infringed at least one of the claims of the '462 Patent. By way of example

and without limitation, Defendant infringed at least claim 1 of the '462 Patent by making, using, offering for sale, and/or selling the UNP Series Pneumatic Power Clamp during the term of the '462 Patent.

15.     Claim 1 of the '462 Patent is directed to a rotary clamp for a linear actuator comprising (a) means for converting linear actuator motion between a first position and a second position into rotary clamp motion between an unclamped position and a clamped position, respectively, and (b) means, separate from said linear actuator and cooperatively engageable with the converting means for movement between a recessed position and an extended position, for resetting the converting means toward the first position when the resetting means is in the extended position.

16.     The UNP Series Pneumatic Power Clamp is a rotary clamp having a linear actuator, wherein a pneumatic actuator drives a piston rod linearly to correspondingly rotate a clamp arm.

17.     The UNP Series Pneumatic Power Clamp includes a linkage mechanism that converts linear actuator motion of the piston rod between a first position and second position into rotary clamp motion of the clamp arm between an unclamped position and a clamped position, respectively.

18.     The UNP Series Pneumatic Power Clamp includes a manual release button that is separate from the linear actuator and engageable with

the linkage mechanism of the converting means. The manual reset button can reset the linkage mechanism by moving between a recess position and an extended position, wherein the manual reset button can reset the linkage mechanism of the converting means toward the first position when the manual reset button is in the extended position.

19. A brochure, as seen in attached Exhibit B, for the UNP Series Pneumatic Power Clamp dated July 2007 states that the UNP Series Pneumatic Power Clamp includes a "[m]anual release button to open mechanism when air pressure is removed."

20. Defendant actively induced infringement by others of the '462 Patent by making, using, selling, and/or offering for sale the clamps described above during the term of the '462 Patent. Defendant knew or should have known that making, using, selling, and/or offering for sale the clamps to others would induce actual infringement of the '462 Patent by others.

21. On information and belief, Defendant's infringing activities were willful and deliberate, as the risk of infringing the '462 Patent was known or, alternatively, so obvious that the risk of infringing the '462 Patent should have been known to Defendant.

22. As a result of Defendant's actual infringement, Plaintiff Norgren suffered damage during the term of the '462 Patent.

23. Defendant's infringing activities directly and proximately caused Plaintiff damages.

24. The present case is an exceptional case, entitling Plaintiff Norgren to an award of attorney's fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Norgren respectfully requests that this Court:

A. Enter judgment for Plaintiff Norgren against Defendant, declaring that Defendant willfully infringed the '462 Patent.

B. Award Plaintiff Norgren all damages it has sustained as a result of Defendant's patent infringement and order that the damages be trebled pursuant to 35 U.S.C. 284.

C. Declare this case exceptional and find that Plaintiff Norgren is entitled to recover its costs and reasonable attorney's fees incurred in this action, pursuant to 35 U.S.C. 285.

D. Enter judgment granting such other relief as justice and equity may require.

## DEMAND FOR JURY TRIAL

Plaintiff Norgren hereby requests a jury trial of all issues.

Respectfully submitted,

s/Todd L. Moore
Todd L. Moore (P45472)
Marshall G. MacFarlane (P27296)
Craig A. Redinger (P68794)
YOUNG BASILE HANLON &
MACFARLANE P.C.
301 E. Liberty, Suite 680
Ann Arbor, Michigan 48104
(734) 662-0270
moore@youngbasile.com
macfarlane@youngbasile.com
redinger@youngbasile.com
Attorneys for Plaintiff

DATED: June X, 2016